CALEB R. TROTTER, Cal. Bar No. 305195
Email: CTrotter@pacificlegal.org
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747

CHRISTOPHER D. BARNEWOLT, D.C. Bar No. 90020413*
Email: CBarnewolt@pacificlegal.org
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Facsimile: (916) 419-7747

*Attorneys for Plaintiff*

*pro hac vice application forthcoming

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA RUNKLE,<br><br>              Plaintiff,<br><br>  v.<br><br>LEA TATE, in her official capacity as President of the California Board of Psychology, and JONATHAN BURKE, in his official capacity as Executive Officer of the California Board of Psychology,<br><br>              Defendants. | No. 4:26-cv-05317<br><br><br>**COMPLAINT** |

Complaint              - 1 -

**INTRODUCTION**

1.      Plaintiff Anna Runkle had a rough childhood. That experience left her wounded and scarred for many years. After finally deciding that she needed help as an adult, the traditional talk therapy options weren't beneficial for her.

2.      Only after discovering a simple writing technique, followed by meditation, that helped her calm overwhelming reactions to stress and improve her decision-making and relationships, did she begin to feel better. In fact, the techniques were so beneficial that she felt compelled to share them with others. Over time, her advice found significant demand.

3.      What began as informal one-on-one advice grew to become a highly popular YouTube channel and business. Through her business, "Crappy Childhood Fairy,"[1] Ms. Runkle now has over one million subscribers, has published two books, and offers videos and coaching sessions to teach others how to heal and empower themselves after experiencing similar childhood traumas.

4.      Ms. Runkle has never claimed to be a therapist, physician, or psychologist. In fact, she expressly informs her clients and the public that she is not a licensed health practitioner and that they should seek appropriate care if they need it. Even some of her clients are licensed psychologists and therapists who find Ms. Runkle's advice helpful for their own patients, as well as themselves.

5.      Though she never misrepresented herself or her qualifications, and all she does is—through the spoken and written word—offer her experience and advice to others, the California Board of Psychology investigated and prosecuted her for the unlicensed practice of psychology under Cal. Bus. & Prof. Code § 2903 due to a single complaint. But if what Ms. Runkle does is the "practice of psychology," then

---

[1] https://www.crappychildhoodfairy.com/.

Complaint                                    - 2 -

countless authors, speakers, coaches, podcasters, and self-help entrepreneurs are practicing psychology without a license.

6. By applying and enforcing Cal. Bus. & Prof. Code § 2903 against Ms. Runkle, the California Board of Psychology, through Defendants Lea Tate and Jonathan Burke in their official capacities, violates Ms. Runkle's constitutional rights.

7. Under the First Amendment to the United States Constitution, the government cannot prohibit Ms. Runkle from sharing her advice and experience with others. The Board's order turns entirely on what Ms. Runkle says to willing listeners. Likewise, applying the psychology license law to self-help advice is substantially overbroad in violation of the First Amendment. And because the statute vaguely defines the "practice of psychology" by sweeping in a countless amount of protected speech, the statute is void for vagueness under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## JURISDICTION

8. This action arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over these federal claims under 28 U.S.C. §§ 1331 (federal question) and 1343(a) (redress for deprivation of civil rights). Declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

## DIVISIONAL ASSIGNMENT

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the acts giving rise to Plaintiff's claims occurred in this District.

10. Venue in the Oakland Division is proper under 28 U.S.C. § 84(c)(1) and Local Civ. R. 3-2(d) on the grounds that a substantial part of the acts giving rise to Plaintiff's claims occurred in Alameda County, California.

Complaint                                   - 3 -

## PARTIES

11.  Plaintiff Anna Runkle is a United States citizen and resident of Alameda County, California.

12.  Defendant Lea Tate is the President of the California Board of Psychology, which is responsible for enforcing the California Psychology Licensing Law, Cal. Bus. & Prof. Code § 2900 *et seq*. Ms. Tate is sued in her official capacity.

13.  Defendant Jonathan Burke is the Executive Officer of the California Board of Psychology, which is responsible for enforcing the California Psychology Licensing Law, Cal. Bus. & Prof. Code § 2900 *et seq*. Mr. Burke is sued in his official capacity.

## FACTUAL ALLEGATIONS

**California's Psychology Licensure Scheme**

14.  Cal. Bus. & Prof. Code § 2903(a) prohibits any person in California from "engag[ing] in the practice of psychology … without a license" from the California Board of Psychology.

15.  State law defines the "practice of psychology" as

rendering or offering to render to individuals, groups, organizations, or the public any psychological service involving the application of psychological principles, methods, and procedures of understanding, predicting, and influencing behavior, such as the principles pertaining to learning, perception, motivation, emotions, and interpersonal relationships; and the methods and procedures of interviewing, counseling, psychotherapy, behavior modification, and hypnosis; and of constructing, administering, and interpreting tests of mental abilities, aptitudes, interests, attitudes, personality characteristics, emotions, and motivations.

Cal. Bus. & Prof. Code § 2903(a). *See also id*. § 2905.

16.  "[T]he application of psychological principles [and] methods," Cal. Bus. & Prof. Code § 2903(a), "includes, but is not restricted to, assessment, diagnosis, prevention, treatment, and intervention to increase effective functioning of individuals, groups, and organizations," *id*. § 2903(b).

Complaint                                   - 4 -

17. "Psychotherapy" is defined as "the use of psychological methods in a professional relationship to assist a person or persons to acquire greater human effectiveness or to modify feelings, conditions, attitudes, and behaviors that are emotionally, intellectually, or socially ineffectual or maladaptive." Cal. Bus. & Prof. Code § 2903(c).

18. Expressly excluded from the "practice of psychology" is "prescribing drugs, performing surgery or administering electro-convulsive therapy." Cal. Bus. & Prof. Code § 2904.

19. Qualifications for a California psychology license include a doctoral degree, at least two years of supervised psychological experience, and successful completion of a licensure examination. Cal. Bus. & Prof. Code § 2914.

20. Engaging in the practice of psychology without a license is a misdemeanor punishable by six months imprisonment, a fine of up to $2,000, or both. Cal. Bus. & Prof. Code § 2970. Additionally, the Executive Officer of the Board of Psychology may issue a citation, order of abatement, and fine of up to $2,500 for unlicensed practice. Cal. Code Regs., tit. 16, §§ 1397.51(a), 1397.53.

**Plaintiff Anna Runkle, the "Crappy Childhood Fairy"**

21. Plaintiff Anna Runkle teaches simple techniques that anyone can use to take control of their emotional responses to allow for better decision-making.

22. Ms. Runkle grew up in a rough family that was deeply affected by addiction and the accompanying problems.

23. In her teens and 20s, she struggled at times with depression, anxiety, and difficulties in relationships with others.

24. In an effort to find relief and to improve herself, she sought professional help, and though she saw eleven different therapists over the years, her difficulties became worse, not better.

25. In 1994, a friend showed her a method involving a specific writing technique, followed by meditation, that immediately helped her feel calmer and less overwhelmed.

26. Because her techniques had worked wonders for herself, she was able to make positive changes in her life and began teaching her techniques and strategies to others in her free time, free of charge.

27. In 2014, when she learned in a book about "Complex PTSD"—or the colloquial term "Childhood PTSD," as she calls it—she recognized the symptoms in herself. She shared this new information she'd learned about the effects of trauma with the dozens of friends who now used her technique. What began informally and in one-on-one conversations, eventually morphed into the business known today as Crappy Childhood Fairy.

28. While CPTSD is not a recognized mental health diagnosis in the current edition of the Diagnostic and Statistical Manual of Mental Disorders (DSM), it is essentially the result of sustained exposure to intense stress, most commonly during childhood.

29. Crappy Childhood Fairy primarily began as a series of videos posted on YouTube,[2] where Ms. Runkle shared her personal experience and offered her techniques and advice to people suffering from similar experiences. Her YouTube channel now has over one million subscribers.

30. Ms. Runkle has also authored two books: *Re-Regulated*, which delves into explaining CPTSD, its effect on people suffering from it, and the techniques that can help people recover and heal themselves from it, and also *Connectability*, which gives advice on how to improve personal relationships and connect successfully with others.

31. Through her website, crappychildhoodfairy.com, Ms. Runkle also offers monthly memberships with large group webinars, group Q&A calls and a private

---

[2] *See* https://www.youtube.com/@CrappyChildhoodFairy.

Complaint                                    - 6 -

Facebook community, as well as small group coaching programs and live workshops and retreats where participants can learn and apply Ms. Runkle's teaching.

32.    Regardless of forum, the core of Ms. Runkle's teaching remains the same: she offers her simple techniques to others to empower them to calm overwhelming reactions to stress, and to improve their own lives through better decision-making and relationships.

33.    Ms. Runkle does not "treat" or "heal" anyone or perform therapy. She expressly does not ask her clients to discuss any past traumas or offer to help clients process those traumas. Her services are materially indistinguishable from those commonly offered by self-help and life coaches throughout California and nationwide.

34.    The Terms of Service for the programs offered by Ms. Runkle through Crappy Childhood Fairy reiterate that Ms. Runkle is not a therapist or clinician and that the advice offered by her "cannot take the place of a licensed mental health or clinical professional." The Terms of Service must be agreed to before an individual can register and pay for any of her paid programs, including coaching. When an individual applies for a coaching program, Ms. Runkle also goes over the Terms with them during an interview to ensure they are a good fit for the program.

35.    Every aspect of Ms. Runkle's services is delivered through speech and expressive activity.

**The Board of Psychology's Prosecution of Ms. Runkle**

36. In 2023, the Board of Psychology received a complaint from an individual located in Maine who participated in a free public call about the tools taught through the Crappy Childhood Fairy program after viewing Crappy Childhood Fairy videos on YouTube. Even though the individual claimed to have received a full refund from Crappy Childhood Fairy after expressing her dissatisfaction with her experience, the individual urged the Board to investigate Ms. Runkle for the unlicensed practice of psychology.

37. The complaint did not allege that Ms. Runkle ever claimed to be a licensed psychologist or therapist. To the contrary, the Board's investigation noted Ms. Runkle's prominent disclaimer on her website that she is "not a doctor or therapist." Rather, the complainant alleged that she was "triggered" by the sessions and cancelled her membership as a result.

38. To Ms. Runkle's knowledge, and even though she has over one million subscribers, no other complaints have ever been filed against her in California or any other state.

39. In October 2024, Defendant Jonathan Burke issued Ms. Runkle a citation for violating Cal. Bus. & Prof. Code § 2903.

40. After Ms. Runkle contested the citation, a hearing was held before the Office of Administrative Hearings on February 4–5, 2026. The Administrative Law Judge affirmed the citation in a written Proposed Decision and Order on February 25, 2026, and the Proposed Decision and Order was adopted by the Board of Psychology on April 27, 2026, under the signature of Defendant Lea Tate.

41. The Order found that Ms. Runkle's social media posts, website, and books "do not constitute the practice of psychology," but found that her paid coaching program "constitutes the practice of psychology and thus requires a license."

42. Thus, the Board concluded that identical advice becomes licensable only when delivered through paid coaching.

43. The Order requires Ms. Runkle to pay a $2,500 fine to the Board, "cease all practice that requires a psychology license," "remove any treatment plans for CPTSD and/or C-PTSD from [her] offerings," "read and review" Cal. Bus. & Prof. Code § 2903, and "provide a statement under penalty of perjury that [she] has ceased all practice requiring a psychology license, removed any treatment plans … and has read and reviewed" section 2903 by June 26, 2026.

## CLAIMS FOR RELIEF
## FIRST CAUSE OF ACTION
### Enforcing Cal. Bus. & Prof. Code § 2903
### Against Plaintiff Violates the First Amendment
### (42 U.S.C. § 1983)

44. Plaintiff incorporates and realleges the allegations contained in the preceding paragraphs of this Complaint.

45. The First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, prohibits Defendants from preventing Plaintiff from speaking with her clients.

46. As enforced by Defendants, Cal. Bus. & Prof. Code § 2903 is a content-based restriction on Plaintiff's freedom of speech because it prohibits speech based on its communicative content and subject matter.

47. Enforcing section 2903 against Plaintiff is not narrowly tailored, nor supported by any compelling interest, and thus cannot survive strict scrutiny.

48. By requiring Plaintiff to obtain a psychology license before speaking with paid clients about the self-help advice and guidance she provides, Defendants maintain and actively enforce a set of laws, practices, policies, and procedures under color of state law that deprive Plaintiff of her right to free speech, in violation of the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

49. Properly interpreted and applied, the "practice of psychology" as defined in Cal. Bus. & Prof. Code § 2903 cannot constitutionally include Ms. Runkle's non-therapeutic self-help advice.

50. By requiring Plaintiff to obtain a psychology license before speaking with paid clients about the self-help advice and guidance she provides even though she expressly states she is not a licensed psychologist or therapist, and even though she has never purported to be a licensed psychologist or therapist, Defendants maintain and actively enforce a set of laws, practices, policies, and procedures under

color of state law that deprive Plaintiff of her right to free speech, in violation of the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

51.    Plaintiff has no adequate remedy at law to compensate for the loss of her freedom of speech and will suffer irreparable injury absent an injunction prohibiting Defendants' restriction of her speech.

52.    Plaintiff is therefore entitled to prospective declaratory and preliminary and permanent injunctive relief from Defendants' enforcement of Cal. Bus. & Prof. Code § 2903 against her.

## SECOND CAUSE OF ACTION

### Section 2903's Definition for the "Practice of Psychology"

### Is Overbroad as Applied to Plaintiff in Violation of the First Amendment

### (42 U.S.C. § 1983)

53.    Plaintiff incorporates and realleges the allegations contained in paragraphs 1–43 of this Complaint.

54.    The First Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, prohibits government officials from enforcing statutes that restrict more speech than necessary when the limitation on speech is otherwise permissible.

55.    As enforced by Defendants, Cal. Bus. & Prof. Code § 2903 is overbroad as applied to Plaintiff because its sweeping definition for the "practice of psychology" reaches substantial amounts of protected speech, including self-help coaching and mentoring, and other forms of non-clinical guidance and advice.

56.    Section 2903's restriction of a vast amount of speech considered the "practice of psychology" is excessive in relation to any legitimate governmental interest in restricting speech.

57.    As a result of Defendants' enforcement of section 2903, Plaintiff's speech is deterred and chilled when she seeks to engage in her self-help and coaching guidance of paid clients. Defendants thus maintain and actively enforce a set of laws,

practices, policies, and procedures under color of state law that deprive Plaintiff of her right to free speech, in violation of the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

58.    Plaintiff has no adequate remedy at law to compensate for the loss of her freedom of speech and will suffer irreparable injury absent an injunction prohibiting Defendants' restriction of her speech.

59.    Plaintiff is therefore entitled to prospective declaratory and preliminary and permanent injunctive relief from Defendants' enforcement of Cal. Bus. & Prof. Code § 2903 against her.

## THIRD CAUSE OF ACTION

### Section 2903's Definition for the "Practice of Psychology" Is Void for Vagueness in Violation of the Fourteenth Amendment

### (42 U.S.C. § 1983)

60.    Plaintiff incorporates and realleges the allegations contained in paragraphs 1–43 of this Complaint.

61.    The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits Defendants from enforcing vague laws.

62.    Cal. Bus. & Prof. Code § 2903 and its definitions for the "practice of psychology" are impermissibly vague in that they leave Plaintiff and others without fair notice of when ordinary coaching, advice, mentoring, or self-help guidance becomes the licensed practice of psychology.

63.    Given the similarity between the non-therapeutic advice and guidance offered by Plaintiff and that offered by other self-help and "life" coaches, Plaintiff and others are unclear as to what speech they engage in with paid clients is permitted and that which is restricted.

64.    As written, and through their enforcement of, Cal. Bus. & Prof. Code § 2903, Defendants maintain and actively enforce a set of laws, practices, policies, and procedures under color of state law that deprive Plaintiff of her right to due

process, in violation of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

65. Plaintiff has no adequate remedy at law to compensate for the loss of her right to due process and will suffer irreparable injury absent an injunction prohibiting Defendants' restriction of her due process rights.

66. Plaintiff is therefore entitled to prospective declaratory and preliminary and permanent injunctive relief from Defendants' enforcement of Cal. Bus. & Prof. Code § 2903 against her.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A declaration that Defendants' enforcement of Cal. Bus. & Prof. Code § 2903 against Plaintiff violates the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983;

B. A declaration that Cal. Bus. & Prof. Code § 2903's definition for the "practice of psychology" is void for vagueness in violation of the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983;

C. A declaration that Cal. Bus. & Prof. Code § 2903's definition for the "practice of psychology" is overbroad in violation of the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983 as applied to Plaintiff;

D. An entry of a preliminary and permanent injunction prohibiting Defendants, in their official capacities, and their officers, agents, affiliates, servants, successors, employees, and all other persons in active concert or participation with them, from enforcing Cal. Bus. & Prof. Code § 2903 against Plaintiff;

E. An award of attorney fees, costs, and expenses in this action pursuant to 42 U.S.C. § 1988; and

F.    Any further relief as the Court may deem just, necessary, or proper.

DATED: June 3, 2026.

Respectfully submitted,

CALEB R. TROTTER
CHRISTOPHER D. BARNEWOLT*
Pacific Legal Foundation

By s/ *Caleb R. Trotter*
    CALEB R. TROTTER

*Attorneys for Plaintiffs*

**pro hac vice application forthcoming*